[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14917
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80034-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES THOMAS WITHROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2018)

Before WILSON, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

James Withrow appeals his 36-month imprisonment sentence, imposed upon revocation of his supervised release. In December 2016, Withrow finished serving a 120 month term of imprisonment and began serving a five year term of supervised release. In March 2017, Withrow was arrested for grand theft after he withdrew $4,600 from his Wells Fargo bank account, where $9,600 in counterfeit checks had recently been deposited. He pleaded guilty in state court to a charge of petty theft and was ordered to pay $4,600 in restitution. Thereafter, the probation office charged him with two violations of his supervised release. At his final revocation hearing, Withrow pleaded guilty to a charge of petty theft and admitted to violating the conditions of his supervised release. Withrow's violation produced a guideline range of 8 to 14 months of imprisonment and—because Withrow's original offense was a Class A felony—a maximum sentence of five years' imprisonment. The district court sentenced him to 36 months of imprisonment and a new term of 24 months of supervised release.

On appeal, Withrow argues that his sentence was procedurally unreasonable because the district court (1) failed to adequately explain its upward variance; (2) considered an improper factor in 18 U.S.C. § 3553(a); and (3) considered clearly erroneous facts about the circumstances of his violation. He also argues that the sentence was substantively unreasonable because the district court improperly

weighed the § 3553(a) factors.  Upon thorough review of the briefs and the record, we affirm.

## I.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We review a defendant's claim that the district court failed to explain the reasons for imposing a sentence above the defendant's guideline range de novo, regardless of whether the defendant objected on those grounds below.  *United States v. Parks*, 823 F.3d 990, 996–97 (11th Cir. 2016).  In general, however, if a party does not raise a procedural sentencing argument before the district court, we review only for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  For a defendant to preserve an objection to his sentence for appeal, he must raise that point in such clear and simple language that the trial court may not misunderstand it.  *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).  We may correct a plain error only when (1) an error has occurred; (2) the error was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *McNair*, 605 F.3d at 1222.

A sentence is procedurally unreasonable if the district court miscalculated the guideline range, treated the Sentencing Guidelines as mandatory, failed to

consider the 18 U.S.C. § 3553(a) factors, based the sentence on clearly erroneous facts, or failed to adequately explain the sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (per curiam). The district court is required to "state in open court the reasons for its imposition of the particular sentence, and if the sentence is outside the applicable guideline range the specific reason for the imposition of that sentence." *Parks*, 823 F.3d at 992 (internal quotation marks omitted and alteration adopted). The district court should also consider "the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007).

We examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Trailer*, 827 F.3d at 936. The weight given to each § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). Nevertheless, a court can abuse its discretion if it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Under the abuse-of-discretion standard, we will reverse only if

4

we are left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* at 1190. We do not presume that a sentence outside of the guideline range is unreasonable, and we give deference to the district court's decision that the § 3553(a) factors support its chosen sentence. *Id.* at 1187.

## II.

### A. *Procedural Reasonableness*

As an initial matter, Withrow did not clearly object to the procedural reasonableness of his sentence before the district court. Accordingly—aside from our review of whether the district court adequately explained its reason for imposing a sentence above the guideline range—we review Withrow's procedural claims for plain error. *McNair*, 605 F.3d at 1222.

First, we find that the district court adequately explained why it sentenced Withrow above the guideline range. The district court remarked at length upon Withrow's extensive criminal history; expressed its concern that he had not been deterred by his previous 120 month sentence and that he had only been out of prison for a few months before engaging in a significant fraud scheme; and stressed that the sentence needed to protect the public and to deter Withrow from engaging in future criminal conduct. The court then stated that "for all of these

reasons . . . I find that a sentence in excess of the advisory guideline range is appropriate." We find that the district court satisfied its responsibility under 18 U.S.C. § 3553(c)(2).

Second, the district court did not plainly err in considering the need to promote respect for the law and provide just punishment for the offense under 18 U.S.C. § 3553(a)(2)(A), because the Supreme Court has not held that it is error to consider a factor listed in § 3553(a)(2)(A) when imposing a sentence after revoking supervised release, and neither has our circuit. *See United States v. Vandergrift*, 754 F.3d 1303, 1308–09 (11th Cir. 2014). Accordingly, any alleged error cannot be plain. *Id.* at 1309.

Third, there is no indication from the record that the district court plainly erred in considering any clearly erroneous facts surrounding Withrow's violation. It was undisputed that Withrow withdrew $4,600 from his bank account; that $9,600 in fraudulent checks was deposited into the account; and that Withrow pleaded down to petty theft from grand theft. The district court did not plainly err in refusing to believe Withrow's version of the events at the revocation hearing— that a loan company he found online deposited the money into his account, which he did not know came from counterfeit checks.

B. *Substantive Reasonableness*

6

Withrow's sentence was also substantively reasonable. The district court considered Withrow's limited mitigating circumstances and determined that his significant criminal history, the need for deterrence, and the seriousness of his violation outweighed them. The district court expressed particular concern over the fact that Withrow committed a significant violation so recently after he was released from prison, and cited a special need to deter future criminal behavior and protect the public. After reviewing the district court's thorough consideration of the sentencing factors and justification for its upward variance, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment" in sentencing Withrow to 36 months in prison and 24 months of supervised release. *Irey*, 612 F.3d at 1190.

**AFFIRMED.**